UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                              No. 2:17-CR-20027-001
                                No. 2:17-CR-20005-001

ALLEN FRANK MARTIN                                               DEFENDANT

**OPINION AND ORDER**

        Before the court are two motions to modify sentence pursuant to the First Step Act

amendments to 18 U.S.C. § 3582(c).  Defendant Allen Frank Martin filed a motion (Doc. 62) to

modify his sentence in Case No. 2:17-CR-20005-001.  The Government filed a response (Doc. 67)

in opposition and various exhibits under seal (Doc. 68).  Martin also filed a motion (Doc. 40) to

modify his sentence in Case No. 2:17-20027-001.  The Government filed a response (Doc. 45) in

opposition and various exhibits under seal (Doc. 46).  In addition to the motion and response, the

Court has reviewed other documents on the record.  Defendant's motions, and the Government's

responses, are substantively identical and the two cases are related, therefore the Court will analyze

the motions together.  The motions will be DENIED.

        The Court may modify a term of imprisonment on motion by a defendant if the defendant

has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary

and compelling reasons consistent with Sentencing Commission policy statements warrant the

modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification.  18 U.S.C.

§ 3582(c).

        On March 8, 2017, Martin pled guilty to one count of aggravated identity theft in violation

of 18 U.S.C. § 1028A(a)(1) and theft of government funds in violation of 18 U.S.C. § 641 in a

Case No. 2:17-CR-20005.  Prior to his plea of guilty, Martin was released on a $10,000 unsecured

bond.  On July 20, 2017, a summons was issued for Martin to appear for a hearing to determine if his bond should be revoked.  On July 24, 2017, an arrest warrant was issued after Martin removed and discarded his location monitoring device.  Martin's bond was revoked on July 25, 2017 after he failed to appear for a bond revocation hearing.  On November 12, 2017, Martin was eventually arrested on the outstanding warrant for failure to appear.  Further, on December 5, 2017, Martin was indicted in Case No. 2:17-CR-20027-001 with one count of failure to appear in violation of 18 U.S.C. § 3146(a)(1).  Martin pled guilty to the one-count indictment on January 11, 2018.

On April 26, 2018, Martin was sentenced on all three counts to a total of 87 months imprisonment and three years supervised release.  Martin's projected release date is December 26, 2023.  Martin requests a modification of his sentence to time served because of the COVID-19 pandemic.  Both parties agree that Martin has exhausted his administrative remedies.

The motion will be denied because the § 3553(a) factors do not support modification of Martin's sentence.  As to the nature and circumstances, Martin stole an identity in 1990 and continually used the identity until 2017.  In 2003, Martin was diagnosed with cancer and used the stolen identity to receive Social Security benefits.  From 2003 to 2016, Martin received $277,767.40 in Social Security benefits.  Martin also used the stolen identity to obtain multiple driver's licenses, a social security card, a debit card, a health insurance card, and a casino rewards membership.  Martin's history and characteristics reveal a disregard for the law.  Martin was on parole when he committed aggravated identity theft and theft of government funds and admitted that he planned on using the stolen identity to move to unfamiliar towns and purposely relocate because he was on parole.  While on bond in Case No. 2:17-CR-20005-001, Martin continued to make false statements to the Social Security Administration.  Further, as discussed above, Martin absconded after pleading guilty.  Martin's projected release date is December 26, 2023, and the

Court finds Martin has not served enough time to reflect the seriousness of his offense or to afford adequate deterrence.  Although Martin's cancer diagnosis is a mitigating factor, the 3553(a) factors overwhelmingly do not support modification.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 40) in Case No. 2:17-CR-20027-001 is DENIED.

IT IS FURTHER ORDERED that Defendant's motion (Doc. 62) in Case No. 2:17-CR-20005-001 is DENIED.

IT IS SO ORDERED this 29th day of March, 2021.

*/s/ P. K. Holmes, III*

P.K. HOLMES, III
U.S. DISTRICT JUDGE